# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JUAN ANTONIO VILLANUEVA**
   **Petitioner,**

  v.            **Case No. 09-C-0479**
                 **(Criminal Case No. 07-CR-149)**

**UNITED STATES OF AMERICA,**
   **Respondent.**

## ORDER

Petitioner Juan Antonio Villanueva seeks a certificate of appealability ("COA") in order to appeal my denial of his § 2255 motion. See Fed. R. App. P. 22(b). In order to obtain a COA, petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quote marks omitted). Where, as here, the district court has rejected the petitioner's constitutional claims on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.

Petitioner fails to make this showing. As I indicated in the Rule 4 Order denying the motion and dismissing the case, petitioner's claims are frivolous. In his COA request, petitioner states that he has been doing research on his claims and can present his arguments in the

court of appeals. However, he fails to provide any basis to question my previous assessment of his claims.

In his § 2255 motion, petitioner first argued that the federal court lacked jurisdiction over the "locus in quo" of the offense, and that the State of Wisconsin had exclusive jurisdiction. As indicated in the Rule 4 Order, state and federal governments may exercise concurrent jurisdiction, see Moore v. Illinois, 55 U.S. 13, 20 (1852), and the United States possesses the authority to prosecute drug offenses, e.g., Kuromiya v. United States, 37 F. Supp. 2d 717, 723-25 (E.D. Pa. 1999) (collecting cases), which authority is not limited to federal property, territories or enclaves, or instances in which the state has "ceded" jurisdiction, see, e.g., United States v. Manfre, No. 08-2137, 2009 WL 160312, at *5 (W.D. Ark. Jan. 21, 2009) (collecting cases). Similarly, the district court possesses personal jurisdiction over any defendant brought before it. E.g., United States v. Marks, 530 F.3d 799, 810-11 (9th Cir. 2008); United States v. Burke, 425 F.3d 400, 408 (7th Cir. 2005).

Likewise frivolous was petitioner's argument that his convictions were invalid because Congress did not validly enact (or enact into "positive law") Title 21 or 18 U.S.C. § 3231. As indicated in the Rule 4 Order, courts have universally rejected such contentions. See, e.g., United States v. Johnson, 270 Fed. Appx. 191, 192 (3d Cir. 2008); United States v. Barren, 219 Fed. Appx. 560, 563 (7th Cir. 2007); Goldsby v. United States, 152 Fed. Appx. 431, 440-41 (6th Cir. 2005); United States v. Risquet, 426 F. Supp. 2d 310, 311 (E.D. Pa. 2006).

Petitioner argued that the indictment failed to charge any act in interstate commerce, but as I also explained in the Rule 4 Order, a case-specific interstate nexus is not required in drug trafficking cases. See, e.g., United States v. Fernandez, 388 F.3d 1199, 1219 (9th Cir. 2004); see also Gonzales v. Raich, 545 U.S. 1, 15 (2005).

2

Finally, petitioner claimed that he is factually and legally innocent, but this argument was based on his contention that the drug laws are invalid and unenforceable. He also made vague allegations of prosecutorial and judicial misconduct, but those claims again appeared to be based on his incorrect view of federal law.

For the reasons stated herein and those stated in the Rule 4 Order,

**IT IS ORDERED** that petitioner's request for a COA is **DENIED**.

Dated at Milwaukee, Wisconsin, this 26th day of May, 2008.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

3

Case 2:09-cv-00479-LA   Filed 05/27/09   Page 3 of 3   Document 7