# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JUAN ANTONIO VILLANUEVA**
    **Petitioner,**

v.                                                            **Case No. 09-C-0479**
                                                           **(Criminal Case No. 07-CR-149)**

**UNITED STATES OF AMERICA,**
    **Respondent.**

## ORDER

Petitioner Juan Antonio Villanueva pleaded guilty to conspiring to distribute five kilograms or more of cocaine and 1000 kilograms or more of marijuana, 21 U.S.C. §§ 841(a)(1), (b)(1)(A) & 846, and I sentenced him to 84 months in prison. See United States v. Villanueva, No. 07-CR-149, 2007 WL 4410378 (E.D. Wis. Dec. 14, 2007) (Sentencing Memorandum). He took no appeal, but moved, pro se, to vacate his conviction and sentence under 28 U.S.C. § 2255. I denied the motion and his subsequent request for a certificate of appealability ("COA"). Before me now, on transfer from the court of appeals, is petitioner's request to proceed on appeal in forma pauperis ("IFP").

In order to obtain IFP status, petitioner must show that he cannot pay the required fees, 28 U.S.C. § 1915(a)(1), and I must determine that the appeal is taken in good faith, 28 U.S.C. § 1915(a)(3). An appeal is not taken in good faith if the claim is frivolous and no reasonable person could suppose that the appeal has any merit. The standard is objective, not subjective. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000). While I may not "apply an inappropriately high standard when making good faith determinations," and denial of a COA does not

necessarily warrant denial of IFP status, Pate v. Stevens, 163 F.3d 437, 439 (7th Cir. 1998), because petitioner's claims are wholly frivolous, I deny his IFP motion.

In the Rule 4 Order dismissing the § 2255 motion and in the Order denying a COA, I found that petitioner's claims were frivolous. He does not, in the instant submission, present any reason to revisit that determination.

Petitioner's § 2255 submission was fifty-five pages long, plus several lengthy attachments, and I discerned from it five claims. Petitioner first argued that the federal court lacked jurisdiction over the "locus in quo" of his offense. He claimed that the State of Wisconsin had exclusive jurisdiction. The claim is frivolous. State and federal governments may exercise concurrent jurisdiction, see Moore v. Illinois, 55 U.S. 13, 20 (1852), and the United States possesses the authority to prosecute drug offenses, e.g., Kuromiya v. United States, 37 F. Supp. 2d 717, 723-25 (E.D. Pa. 1999) (collecting cases), which authority is not limited to federal property, territories or enclaves, or instances in which the state has "ceded" jurisdiction, see, e.g., United States v. Manfre, No. 08-2137, 2009 WL 160312, at *5 (W.D. Ark. Jan. 21, 2009) (collecting cases); see also United States v. Raymond, 78 F. Supp. 2d 856, 880 (E.D. Wis. 1999) (rejecting as frivolous the argument that Congress has authority only over the District of Columbia and the federal possessions and territories), aff'd, 228 F.3d 804 (7th Cir. 2000). Petitioner also suggested that this court lacked jurisdiction over his person, but a district court has personal jurisdiction over any defendant brought before it. E.g., United States v. Marks, 530 F.3d 799, 810-11 (9th Cir. 2008); United States v. Burke, 425 F.3d 400, 408 (7th Cir. 2005).

Second, petitioner argued that his convictions were invalid because Congress did not

2

validly enact (or enact into "positive law") Title 21 or 18 U.S.C. § 3231. Courts have universally rejected such contentions. See, e.g., United States v. Armijo, No. 08-2183, 2008 WL 5062178, at *1 (10th Cir. Dec. 2, 2008); United States v. Johnson, 270 Fed. Appx. 191, 192 (3d Cir. 2008); United States v. Barren, 219 Fed. Appx. 560, 563 (7th Cir. 2007); Goldsby v. United States, 152 Fed. Appx. 431, 440-41 (6th Cir. 2005); United States v. Mann, No. 6:08-7008, 2008 WL 4937636, at *4 (E.D. Ky. Nov. 17, 2008); Thomas v. United States, No. 3:01cr179, 2008 WL 220743, at *8 (D. Conn. Jan. 24, 2008); United States v. Schultz, 06-CV-5020, 2007 WL 2872387, at *2 (D. Minn. Sept. 26, 2007); Buford v. United States, No. 3:05-cv-352, 2006 WL 3375375, at *3 (E.D. Tenn. Nov. 21, 2006); United States v. Risquet, 426 F. Supp. 2d 310, 311 (E.D. Pa. 2006); Clark v. Vasquez, No. 4:03CV330, 2005 WL 1692805, at *1 (N.D. Fla. July 13, 2005); Anderson v. United States, No. 1:02-CV-1368, 2004 WL 2326386, at *2 (N.D.N.Y. Oct. 13, 2004); United States v. Packard, No. 03-3017, 2003 WL 22327174, at *4 (D. Kan. Sept. 3, 2003); Henriquez v. United States, No. 03 Civ. 478, 2003 WL 21242722, at *2 (S.D.N.Y. May 29, 2003). Petitioner cited no authority for these contentions, which I also find frivolous.

Third, petitioner argued that the indictment failed to charge any act in interstate commerce, but because a specific interstate nexus is unnecessary in such cases, the claim is frivolous. See, e.g., United States v. Fernandez, 388 F.3d 1199, 1219 (9th Cir. 2004) (holding that the government need not in a drug case plead an interstate nexus in the indictment); see also Gonzales v. Raich, 545 U.S. 1, 15 (2005); Kuromiya, 37 F. Supp. 2d at 723-24 (collecting cases). Petitioner also claimed that the court never made a determination of jurisdiction, but "district judges always have subject-matter jurisdiction based on any indictment purporting to charge a violation of federal criminal law." United States v. Bjorkman, 270 F.3d 482, 490 (7th

3

Cir. 2001).

Fourth, petitioner argued that he was factually and legally innocent, but this argument was based on his contention that the drug laws are invalid and unenforceable. He made no claim that he did not engage in the conduct he admitted during the plea hearing. Any challenge to factual guilt at this point is frivolous.

Finally, petitioner made vague allegations of prosecutorial and judicial misconduct, but those claims were also based on his incorrect view of federal law. Thus, this claim, too, is frivolous.

For these reasons and those stated in the Rule 4 Order and the Order denying a COA, I find that petitioner's claims are frivolous, and that no reasonable person could suppose an appeal to have any merit. Thus, although it appears that petitioner meets the poverty requirements, his request to proceed on appeal in forma pauperis must be and hereby is **DENIED**. Petitioner is advised that he may be re-file his motion in the court of appeals pursuant to Fed. R. App. P. 24(a)(5).

Dated at Milwaukee, Wisconsin, this 26th day of June, 2009.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

4

Case 2:09-cv-00479-LA   Filed 06/26/09   Page 4 of 4   Document 11